J. Irwin Shapiro, J.
Application by plaintiff for an order directing defendant to show cause “ why an order should not be made directing that the Sheriff of the City of New York be restrained from executing a warrant for the arrest of the plaintiff based on a contempt order granted herein on the 30th day of April, 1959, and why the plaintiff should not be relieved of making further alimony payments to the defendant pursuant to an order or judgment granted herein on the 21 day of October, 1958.”
This action was instituted by the plaintiff husband against the defendant wife, for an annulment of their marriage. The defendant interposed a counterclaim for a separation. After trial, the complaint was dismissed and a judgment was entered in favor of the wife on her counterclaim providing for permanent alimony in the sum of $25 per week for her support and for the support of the infant child, the issue of said marriage, and awarding her the sum of $250 as additional counsel fees for the trial. Judgment was entered on October 21,1958. On December 9, 1958, an order was made holding plaintiff in contempt which contained the usual provision whereby the plaintiff could purge himself of contempt. Thereafter, as a result of plaintiff’s noncompliance with the purge provision of the contempt order, an order of commitment was obtained in April, 1959,
*122 In the interim an appeal was taken to the Appellate Division which resulted in a unanimous affirmance of the judgment of this court. (7 A D 2d 1021.) A motion was made hy the defendant for counsel fees for the defense of said appeal which was granted and defendant was allowed an additional $250. Subsequent to the affirmance by the Appellate Division, the plaintiff, in May, 1959, made a motion in the Court of Appeals for leave to appeal to that court, which motion was denied. (6 N Y 2d 706.) No payments have been made pursuant to any of the orders of this court since the entry of judgment in October, 1958.
Since the entry of the commitment order, in April of this year, the plaintiff has been “living like a hunted animal or like a criminal,” but the “hunt” has been singularly unsuccessful for the Sheriff has been unable to capture the plaintiff. Plaintiff now moves to be relieved of making alimony payments based on a claim of financial inability. He says, “ I am presently out of permanent employment and have not been able to get a permanent job since May of this year ”.
It is undenied that the plaintiff is evading the Sheriff who has a commitment order for his arrest. Though the plaintiff may, if he is in fact out of employment and without means of complying with the orders outstanding against him, be relieved of the payments therein provided and of the outstanding contempt order (Civ. Prac. Act, § 1172-a, subd. 1), he is in no position to have his application considered while he is evading service of the mandate of this court. The court will not consider his application, meritorious though it may be and upon which this court expresses no opinion, so long as he literally thumbs his nose at its orders. His motion is, therefore, denied without prejudice to renewal after he shall submit his person to the jurisdiction of this court.
Submit order.